NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3159

MICHAEL J. TOLBERT,

Petitioner,

v.

SMALL BUSINESS ADMINISTRATION,

Respondent.

Michael J. Tolbert, of Marietta, Georgia, pro se.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3159

MICHAEL J. TOLBERT,

Petitioner,

v.

SMALL BUSINESS ADMINISTRATION,

Respondent.

_____

DECIDED: July 16, 2007

_____

Before LOURIE, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Michael J. Tolbert (Tolbert) appeals the decision of the Merit Systems Protection Board (the Board) dismissing his appeal for lack of jurisdiction. Tolbert v. Small Bus. Admin., AT315H060751-I-1 (M.S.P.B. Jan. 12, 2007) (Board Decision). We affirm.

BACKGROUND

Tolbert was hired on a career-conditional appointment to the position of Loan Specialist with the Office of Disaster Assistance, Loan Processing Department, Atlanta, Georgia (the agency), effective November 11, 2002. The appointment was subject to completion of a one-year initial probationary period. On January 30, 2003, the agency informed Tolbert that his appointment was being terminated. There is no dispute that Tolbert, having been employed with the agency for approximately two months, was

terminated during his probationary period and that he had not completed one year of continuous service.  See 5 U.S.C. § 7511(a)(1).

On November 22, 2005, Tolbert appealed his removal.  An Administrative Judge (AJ) dismissed Tolbert's appeal for lack of jurisdiction.  Tolbert v. Small Bus. Admin., AT-315H-06-0751-I-1 (M.S.P.B. Mar. 23, 2006) (AJ's Decision).  The Board granted Tolbert's petition to review the AJ's decision, finding that the AJ erred by failing to address Tolbert's allegations that the termination of his agency appointment was for pre-appointment reasons and that the agency's treatment of Tolbert amounted to a prohibited personnel practice.  Board Decision, at 2.  Although, the Board determined that Tolbert was entitled to a hearing on the jurisdictional issue, Tolbert declined a hearing.  Id. at 3.  Based on the record, the Board found that Tolbert failed to satisfy his burden of proof to establish the Board's jurisdiction.  Id. at 4-5.  Thus, the Board affirmed the AJ's dismissal of the case.  This appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The Board's decision must be sustained unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise unlawful; issued in violation of applicable procedures; or unsupported by substantial evidence.  5 U.S.C. § 7703(c); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).  The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by statute or regulation.  See Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1327 (Fed. Cir. 2006).  Tolbert, having been terminated during his probationary period and prior to completing one year of continuous service, did not have a statutory right of appeal from

his termination. 5 U.S.C. § 7511. By regulation, the Board may review appeals of terminated, probationary employees only if the appeal alleges: (1) discrimination based on partisan political reasons or marital status or (2) failure to follow proper notification procedures (as set forth in 5 C.F.R. § 315.805) for an employee terminated for pre-appointment reasons. 5 C.F.R. § 315.806(a)-(c). Because Tolbert did not allege discrimination based on partisan political reasons or marital status, the only issue is whether the Board has jurisdiction to review the alleged failure by the agency to follow the procedural requirements for terminating Tolbert "for reasons based in whole or in part on conditions arising before his appointment." 5 C.F.R. § 315.805.

The Board determined that Tolbert presented a nonfrivolous allegation that he was terminated for pre-appointment reasons. Board Decision, at 3-4. However, because Tolbert waived his right to a hearing on the jurisdictional issue, Tolbert bore the burden of proving Board jurisdiction by a preponderance of the evidence based on the submitted record. See 5 C.F.R. § 1201.56(a)(2)(i). The Board concluded that Tolbert failed to meet this burden, particularly in light of the evidence that Tolbert was terminated for performance problems rather than pre-appointment reasons. Board Decision, at 4-5. The evidence shows that the agency informally counseled Tolbert about his unacceptable performance on several occasions, and that his performance alone was the agency's reason for termination. Tolbert presented no evidence to support his allegation that his termination was based in any part on pre-appointment conditions. The Board's conclusion is supported by substantial evidence, and we must affirm. See 5 U.S.C. § 7703(c).

Tolbert failed to establish that any statute or regulation provides the Board with jurisdiction to review his appeal, and the Board properly dismissed his appeal. Moreover, Tolbert's other allegations regarding prohibited personnel practices do not provide an independent source of jurisdiction for the Board; rather, the personnel action being challenged must be within the Board's appellate jurisdiction under some law, rule or regulation.  See 5 U.S.C. § 2302; 5 U.S.C. § 7701.  Here, that requirement is not met.

CONCLUSION

For the foregoing reasons, we affirm the Board's dismissal of Tolbert's appeal for lack of jurisdiction.

COSTS

Each party shall bear its own costs.