# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BETHANY TAYLOR SULECKI, <br> Appellant, | DOCKET NUMBER <br> PH-0752-20-0108-I-1 |
| v. | |
| DEPARTMENT OF VETERANS <br> AFFAIRS, <br> Agency. | DATE: June 17, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chris Richmond, Beckley, West Virginia, for the appellant.

Craig Komorowski, Esquire, Huntington, West Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the nonfrivolous allegation standard and to clarify the correct jurisdictional standard for a nonpreference eligible individual in the excepted service, we AFFIRM the initial decision.

## BACKGROUND

The agency appointed the appellant to a Licensed Practical Nurse position in the excepted service effective April 14, 2019. Initial Appeal File (IAF), Tab 5 at 67. On the Standard Form 50 documenting the appellant's appointment, the agency stated that the appointment was subject to the completion of a 1-year initial probationary period. *Id.* at 67. Effective November 22, 2019, the agency terminated the appellant's appointment for "failure to qualify" during the probationary period. *Id.* at 9-10. The agency's termination letter noted that the termination was "due to conduct reasons." *Id.* at 10.

The appellant appealed the termination to the Board. IAF, Tab 1. In response to a jurisdictional order, the appellant argued that the termination was in violation of the agency's policies set forth in a collective bargaining agreement and 5 C.F.R. § 315.805(b). IAF, Tab 4 at 4-5. Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID) at 1. The administrative judge found that the

appellant failed to nonfrivolously allege that she was an "employee" with Board appeal rights under 5 U.S.C. chapter 75. ID at 3-4. He further found that, because the Board lacked jurisdiction over the appeal, it also lacked jurisdiction to review or enforce the agency's policies or the provisions of its collective bargaining agreement. *Id.*

The appellant has filed a petition for review, predominantly challenging the merits of her probationary termination, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. Maddox v. Merit Systems Protection Board, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proving Board jurisdiction by a preponderance of the evidence. Tolbert v. Small Business Administration, 104 M.S.P.R. 418, ¶ 6, aff'd, 245 F. App'x 964 (Fed. Cir. 2007); 5 C.F.R. § 1201.56(b)(2)(i)(A). However, if an appellant makes a nonfrivolous allegation that the Board has jurisdiction, she in entitled to a hearing on the jurisdictional question.[1] Tolbert, 104 M.S.P.R. 418, ¶ 7.

Only an "employee," as defined under 5 U.S.C. chapter 75, subchapter II, can appeal to the Board from an adverse action such as a termination.[2] *Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010); *see* 5 U.S.C. §§ 7511(a)(1), 7512(1), 7513(d). A nonpreference eligible

---

[1] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id.*

[2] The agency appointed the appellant to her Licensed Practical Nurse position under the authority of 38 U.S.C. § 7401(3). IAF, Tab 5 at 67. The Board has held that individuals appointed under 38 U.S.C. § 7401(3) are entitled to the same appeal rights regarding disciplinary actions as individuals appointed under title 5 of the United States Code. *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 9 (2009).

individual[3] in the excepted service is an "employee" within the meaning of 5 U.S.C. § 7511 only if one of the following is true: (1) she is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) she has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. 5 U.S.C. § 7511(a)(1)(C)(i)-(ii); *Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 9.

The administrative judge did not address the first method of demonstrating whether a nonpreference eligible individual in the excepted service is an "employee" for purposes of chapter 75, and the appellant has not raised the issue on review. Nonetheless, we modify the initial decision to find that the appellant has failed to nonfrivolously allege she is an "employee" under the first method.[4] Specifically, the appellant has not alleged, and there is nothing in the record to suggest, that hers was an initial appointment pending conversion to the competitive service. Therefore, subsection 7511(a)(1)(C)(i) does not apply. *See Van Wersch v. Department of Health & Human Services*, 197 F.3d 1144, 1150 n.6 (Fed. Cir. 1999); *Forest v. Merit Systems Protection Board*, 47 F.3d 409, 411-12 (Fed. Cir. 1995).

Turning to the second method, the administrative judge identified the standard set forth in 5 U.S.C. § 7511(a)(1)(C)(ii) in the initial decision. ID at 2-3. Under this section, a nonpreference eligible individual in the excepted service is an employee if she has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. *Ramirez-Evans*, 113 M.S.P.R.

---

[3] The appellant has not alleged that she is a preference eligible. IAF, Tab 1 at 1.

[4] The administrative judge here seems to have found that the appellant did not *prove* jurisdiction. ID at 3. However, to be entitled to a jurisdictional hearing, an appellant need only nonfrivolously allege jurisdiction. *Tolbert*, 104 M.S.P.R. 418, ¶ 7. We therefore further modify the initial decision to apply the nonfrivolous allegation standard.

297, ¶ 9. The administrative judge determined, however, that the appellant was required to prove that she had completed 1 year of current continuous service in the same or similar position, and she did not do so. ID at 3. The administrative judge's analysis appeared to apply section 7511(a)(1)(A), which relates to individuals in the competitive service, even though the appellant is in the excepted service. Nevertheless, any adjudicatory error by the administrative judge did not prejudice the appellant's substantive rights because her lack of 1 year of current continuous service for purposes of 5 U.S.C. § 7511(a)(1)(A) necessarily means that she lacked 2 years of current continuous service for purposes of 5 U.S.C. § 7511(a)(1)(C)(ii). *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error which is not prejudicial to a party's substantive rights provides no basis for reversing the initial decision). We thus further modify the initial decision to apply the correct standard for nonpreference eligible individuals in the excepted service.

In particular, it is undisputed that the appellant had fewer than 2 years of Federal service to her credit. IAF, Tab 1 at 1. Thus, she does not satisfy section 7511(a)(1)(C)(ii). Accordingly, the appellant has failed to nonfrivolously allege that she is an "employee" who may appeal her termination to the Board under 5 U.S.C. chapter 75.[5]

The remainder of the appellant's arguments on review involve the merits of the agency's termination, including whether the termination violated any agency policies or a collective bargaining agreement. PFR File, Tab 1 at 4-6. Because we find that she has failed to nonfrivolously allege Board jurisdiction, we do not reach these arguments. *See Santos v. Department of Energy*, 102 M.S.P.R. 370, ¶

---

[5] The appellant below further argued that her termination was in violation of 5 C.F.R. § 315.805. IAF, Tab 4 at 5. However, this regulation applies to competitive service probationers terminated for preappointment reasons—not to excepted service probationers terminated for postappointment reasons. *See Mancha v. Department of Homeland Security*, 112 M.S.P.R. 216, ¶¶ 3, 9-10 (2009).

6 (2006) (finding the Board must first address the matter of jurisdiction before proceeding to the merits of the appeal).

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.