**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANIEL W. COLBERT, | DOCKET NUMBER |
| Appellant, | PH-0752-19-0359-I-1 |
| v. | |
| DEPARTMENT OF | DATE: July 10, 2024 |
| TRANSPORTATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel W. Colbert, Naples, Florida, pro se.

Kyle L. Joseph, Esquire, El Segundo, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the correct jurisdictional standard for a nonpreference eligible individual in the excepted service, we AFFIRM the initial decision.

## BACKGROUND

The agency appointed the appellant to an Airway Transportation System Specialist position in the excepted service effective September 28, 2018. Initial Appeal File (IAF), Tab 7 at 19. On the Standard Form 50 documenting the appellant's appointment, the agency stated that the appointment was subject to the completion of a 1-year trial period. *Id*. at 20. On June 26, 2019, the agency terminated the appellant for failure to demonstrate fitness for continued employment with the Federal service. *Id.* at 4-6.

The appellant appealed his termination to the Board, claiming that the termination was for false reasons. IAF, Tab 1 at 2. Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID) at 1. Despite incorrectly advising the appellant of his jurisdictional requirements in an acknowledgment order, IAF, Tab 2, the administrative judge provided the appellant with the correct jurisdictional burden for a preference eligible and a nonpreference eligible in the

excepted service in the initial decision, ID at 3-4. The administrative judge then found that the appellant failed to nonfrivolously allege that he was an "employee" with Board appeal rights under chapter 75. ID at 4.

The appellant filed a petition for review, predominantly challenging the merits of his probationary termination, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 7 (2017), *aff'd sub nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018). The appellant bears the burden of proving Board jurisdiction by a preponderance of the evidence. *Tolbert v. Small Business Administration*, 104 M.S.P.R. 418, ¶ 6, *aff'd*, 245 F. App'x 964 (Fed. Cir. 2007); 5 C.F.R. § 1201.56(b)(2)(i)(A). However, if an appellant makes a nonfrivolous allegation that the Board has jurisdiction, he is entitled to a hearing on the jurisdictional question.[2] *Tolbert*, 104 M.S.P.R. 418, ¶ 7.

Only an "employee," as defined under 5 U.S.C. chapter 75, subchapter II, can appeal to the Board from an adverse action such as a termination. *Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010); *see* 5 U.S.C. §§ 7511(a)(1), 7512(1), 7513(d). A nonpreference eligible individual[3] in the excepted service is an "employee" within the meaning of 5 U.S.C. § 7511 only if one of the following is true: (1) he is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) he has completed 2 years of current continuous

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id.*

[3] The appellant has not alleged that he is preference eligible.

service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. 5 U.S.C § 7511(a)(1)(C)(i)-(ii); *Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 9.

The administrative judge found that the appellant was not an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(C)(i). ID at 4. The appellant has not challenged this finding on review and we agree with the administrative judge. Section 7511(a)(1)(C)(i) only applies to individuals serving under an initial appointment pending conversion to the competitive service, and there is no indication that the appellant was serving in that type of appointment. *See Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 9; *see also Forest v. Merit Systems Protection Board*, 47 F.3d 409, 411-12 (Fed. Cir. 1995) (finding that section 7511(a)(1)(C)(i) only covers excepted service individuals under an initial appointment pending conversion to the competitive service, provided that they are not serving a probationary or trial period under such an appointment).

The administrative judge also correctly identified the standard set forth in 5 U.S.C. § 7511(a)(1)(C)(ii) in the initial decision. ID at 3. Under this section, a nonpreference eligible individual in the excepted service is an employee if he has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. *Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 9. The administrative judge here determined, however, that as an individual in the excepted service, the appellant was required to prove that he had completed 1 year of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 1 year or less, and he did not do so. ID at 3. The administrative judge's analysis appears to combine the language in 5 U.S.C. § 7511(a)(1)(B) for a preference eligible individual and 5 U.S.C. § 7511(a)(1)(C) for a nonpreference eligible individual. This analysis was therefore erroneous. This error was harmless, however, as the appellant received the correct jurisdictional notice concerning nonpreference eligible individuals in

the excepted service, and as set forth below, he failed to allege that he is an "employee" under section 7511(a)(1)(C)(ii).  ID at 3; *see Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (finding the failure to provide an appellant with proper jurisdictional notice can be cured if the initial decision puts the appellant on notice of what he must do to establish jurisdiction); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error which is not prejudicial to a party's substantive rights provides no basis for reversing the initial decision).  We therefore modify the initial decision to apply the correct standard for nonpreference eligible individuals in the excepted service.

In particular, it is undisputed that the appellant here had fewer than 2 years of Federal service to his credit.  IAF, Tab 1 at 1; PFR File, Tab 1 at 13.  Thus, the appellant does not satisfy section 7511(a)(1)(C)(ii).  Accordingly, the appellant has failed to nonfrivolously allege that he is an "employee" who may appeal his termination to the Board under 5 U.S.C. chapter 75.

The remainder of the appellant's arguments on review involve the merits of the agency's termination.  PFR File, Tab 1.  Because the appellant has not established Board jurisdiction over his appeal, we do not address these arguments.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                       _____
                                     Gina K. Grippando
                                     Clerk of the Board

Washington, D.C.