**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DETRECIA C. WEBB,<br>        Appellant, | DOCKET NUMBER<br>AT-315H-24-0469-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE:  January 15, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Conquala Milner, Atlanta, Georgia, for the appellant.

Stephen Funderburk, Esquire, and Briana Buban, Esquire, Seattle, Washington, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the correct jurisdictional standard for a nonpreference-eligible individual in the excepted service, we AFFIRM the initial decision.

## BACKGROUND

The appellant resigned from an excepted-service position of Advanced Medical Support Assistant (AMSA) on November 16, 2021. Initial Appeal File (IAF), Tab 6 at 72. She was appointed to another AMSA position in Dallas, Texas, on May 21, 2023. *Id.* at 68. On the Standard Form 50 documenting that appointment, the agency stated that the appellant's position was subject to the completion of a 1-year probationary period. *Id.* Effective July 2, 2023, the appellant moved to a Program Support Assistant (PSA) position in the competitive service. *Id.* at 67. Effective October 1, 2023, the appellant's PSA position was converted to an AMSA position in the excepted service. *Id.* at 66-67. On November 5, 2023, the appellant was reassigned from her AMSA position in Dallas to an AMSA position in Atlanta, Georgia. *Id.* at 65. On April 5, 2024, the agency terminated the appellant for "misconduct and attendance." *Id.* at 21-24. That same day, the appellant appealed her termination to the Board, disputing her status as a probationary employee. IAF, Tab 1 at 2. Without holding the requested hearing, the administrative judge dismissed the

appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that she was an "employee" with Board appeal rights under chapter 75. IAF, Tab 10, Initial Decision (ID).

The appellant has filed a petition for review, but she has not made any arguments or allegations of error by the administrative judge. Petition for Review File, Tab 1. The agency has not filed a response. For the reasons discussed below, we agree with the administrative judge's conclusion that the Board lacks jurisdiction over this appeal but modify the initial decision to set forth the applicable jurisdictional standard.

## DISCUSSION AND ANALYSIS

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 7 (2017), *aff'd sub nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018); *see Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proving Board jurisdiction by a preponderance of the evidence. *Tolbert v. Small Business Administration*, 104 M.S.P.R. 418, ¶ 6, *aff'd*, 245 F. App'x 964 (Fed. Cir. 2007); 5 C.F.R. § 1201.56(b)(2)(i)(A). However, if an appellant makes a nonfrivolous allegation that the Board has jurisdiction, she is entitled to a hearing on the jurisdictional question. *Tolbert*, 104 M.S.P.R. 418, ¶ 7.

Only an "employee," as defined under 5 U.S.C. chapter 75, subchapter II, can appeal to the Board from an adverse action such as a removal. *Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010); *see* 5 U.S.C. §§ 7511(a)(1), 7512(1), 7513(d). A nonpreference-eligible individual in the excepted service, such as the appellant, is an "employee" within the meaning of 5 U.S.C. § 7511 only if one of the following is true: (1) she is not serving a probationary or trial period under an initial appointment pending

conversion to the competitive service; or (2) she has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. 5 U.S.C. § 7511(a)(1)(C)(i)-(ii); *Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 9. By contrast, for the Board to have jurisdiction over an appeal of a removal of an individual in the competitive service, the appellant must: (i) not be serving a probationary or trial period under an initial appointment; or (ii) have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. §§ 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1342-43 (Fed. Cir. 2002). Unlike for individuals in the excepted service, current continuous service for an individual in the competitive service need not be in the same or similar positions in order to qualify as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii). *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 14 (2005); *compare* 5 U.S.C. § 7511(a)(1)(C)(ii), *with* 5 U.S.C. § 7511(a)(1)(A)(ii) (omitting "same or similar positions"). Furthermore, a probationary employee in the competitive service who does not have a statutory right of appeal to the Board nevertheless may have a regulatory right to appeal if she makes a nonfrivolous allegation that the agency terminated her because of discrimination based on marital status or partisan political reasons, or because of conditions arising before appointment to the position in question. 5 C.F.R. §§ 315.805-315.806. Individuals appointed in the excepted service have no regulatory right to appeal under 5 C.F.R. § 315.806. *Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 10.

"Current continuous service" means a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday. *Ellefson*, 98 M.S.P.R. 191, ¶ 14; 5 C.F.R. § 752.402. Nevertheless, the Board has found that, even if an appellant had a break in service, she may be an "employee" under subsections (a)(1)(A)(i) and (a)(1)(C)(i) of 5 U.S.C. § 7511 if her prior service can be "tacked" to her probationary period.

*Ellefson*, 98 M.S.P.R. 191, ¶ 16 (competitive service); *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 6 (2012) (excepted service). An individual's prior service can be credited toward the completion of a probationary or trial period in an excepted-service position if the employee shows that: (1) it was performed in the same agency; (2) it was performed in the same line of work; and (3) it was completed with no more than one break in service of less than 30 days. *Martinez*, 118 M.S.P.R. 154, ¶ 6. Individuals in the competitive service must additionally show that the prior service was rendered immediately preceding the appointment for it to be credited toward the completion of a probationary or trial period. *Ellefson*, 98 M.S.P.R. 191, ¶ 16.

Although the administrative judge noted in the initial decision that, as a nonpreference-eligible individual in the excepted service, the appellant was subject to a 2-year probationary period under 5 U.S.C. § 7511(a)(1)(C)(ii), ID at 4 n.1, he found that the appellant did not meet her jurisdictional burden to show that she is an employee as defined by 5 U.S.C. § 7511(a)(1)(A),[2] which is applicable to the competitive service, ID at 3-4. Specifically, he found that there was no evidence the appellant had current continuous service of 1 year and that there was a gap of well over a workday between her prior service, which ended on November 16, 2021, and her appointment to the AMSA position on May 21, 2023. *Id.*; IAF, Tab 6 at 68, 72. He also found that the appellant did not allege that she was terminated for partisan political reasons or because of her marital status. ID at 4. As it is undisputed that the appellant was in the excepted service, this jurisdictional analysis is erroneous; however, we find that this error did not prejudice the appellant's substantive rights because the record is fully developed on the dispositive facts and clearly shows that the Board lacks jurisdiction over this appeal. Namely, the record shows that the appellant had not completed

---

[2] Consistent with his analysis in the initial decision, the administrative judge's acknowledgement order notified the appellant of her jurisdictional burden under 5 U.S.C. § 7511(a)(1)(A), rather than 5 U.S.C. § 7511(a)(1)(C). IAF, Tab 2 at 2-5. Although incorrect, for the reasons discussed herein, this was a nonprejudicial error.

1 year of current continuous service in the position from which she was terminated, and because there was a break in service of more than 30 days, she cannot tack her prior service to her probationary period to satisfy the 2-year requirement under 5 U.S.C. § 7511(a)(1)(C)(ii). Moreover, as an individual appointed to a position in the excepted service, the appellant has no regulatory right to appeal under 5 C.F.R. § 315.806, and thus she could not have established Board jurisdiction even if she had nonfrivolously alleged that she was terminated for partisan political reasons or because of her marital status. *See Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 10. In other words, because the administrative judge correctly concluded that the appellant did not meet the definition of an "employee" in the competitive service, she necessarily could not show that she was an "employee" in the excepted service. Accordingly, the adjudication of this appeal based on the broader appeal rights of individuals in the competitive service did not prejudice the appellant, as it had no effect on the appellant's substantive rights or the outcome of this appeal.[3] *See id.*, ¶¶ 8-10; *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

We therefore affirm the initial decision as modified to apply the correct jurisdictional standard for nonpreference-eligible individuals in the excepted service.

---

[3] The Board's jurisdiction is limited to that conferred by Congress and cannot be expanded by an agency's misstatements or erroneous notice of appeal rights. *Campion v. Merit Systems Protection Board*, 326 F.3d 1210, 1215 (Fed. Cir. 2003); *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009). Because the appellant was a nonpreference-eligible individual in the excepted service, the Board has jurisdiction over her appeal only if she was an "employee" under 5 U.S.C. § 7511(a)(1)(C). *Barrand*, 112 M.S.P.R. 210, ¶ 13. Consequently, documents submitted by the appellant and the agency indicating that the appellant was subject to a 1-year probationary period, had a regulatory right to appeal her termination, or had already completed her probationary period do not affect our analysis. *See, e.g.*, IAF, Tab 1 at 19, 22, Tab 6 at 22, 68.

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.